## UNITED STATES v. TYLER CORPORATION.

### Civ. No. 348.

United States District Court
E. D. Virginia, Alexandria Division.

Jan. 7, 1949.

See, also, 90 F.Supp. 395.

George R. Humrickhouse, U. S. Atty., Robert N. Pollard, Jr., Asst. U. S. Atty., Richmond, Va., Ed Dupree, Atty. Office of the Housing Expediter, Hilburt Slosberg, Atty. Office of the Housing Expediter, Washington, D. C., for plaintiff.

Nathan L. Silberberg, Arlington, Va., for defendant.

BRYAN, District Judge.

The Court is of the opinion that the motion of the defendant for summary judgment should be granted, and that the cross-motion of the United States should be denied.

In each instance the amount of the excess of the settlement figure over the prescribed sale price is designated an occupancy charge, but it actually represents an adjustment—a charge to the purchaser—of the taxes, insurance and deed-of-trust interest for the period from the date of first occupancy by the vendee until the date of his settlement of his purchase, and average period of 17 days. The Court believes that such a charge does not constitute an addition to the purchase price. Having signed the contract of sale, the purchaser upon acceptance of the property, as evidenced by his occupancy, then became the equitable owner of the property and was thereafter liable morally and legally for the carrying charges on the property.

Regulation 33 does not prohibit the charging of such expense to the purchaser. That regulation, which the Court finds on this motion to be valid, binding, and presently enforceable, sought to prevent the collection by the builder of a greater sale price than was permitted in the priority assignment, through adding to the purchase price at the time of settlement various amounts under the guise of brokerage or other incidental items. The supplementary figures in the present instance are not within the prescribed category.

Breaking down the occupancy charge in each sale now before the Court, we find that it comprises, for only that period of occupancy prior to settlement, the actual costs and accrual of the real estate taxes, the property insurance and the mortgage interest against the particular property. It is

the same adjustment always made between a vendor and vendee of real estate whenever the settlement date is subsequent to the sale or occupancy date. In no degree does the evidence indicate an intent to overreach the purchaser, or to circumvent Regulation 33 or the other restrictions imposed by the priority grant.

Technically, the excess charges do not offend Regulation 33, or its interpretations, because they are customary charges accruing *after* the sale (treating the sale as consummated on the date of occupancy instead of the date of the contract of sale). The regulation is rightly and purposely directed against costs accruing on the property "before sale".

